IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ANTHONY L. BRAGG                                                                         PLAINTIFF

        v.                           Civil No. 3:15-cv-03023-TLB-MEF

MIKE MOORE,
BOONE COUNTY SHERIFF                                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed by the Plaintiff, Anthony L. Bragg, pursuant to 42 U.S.C.

1983.  Plaintiff proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the Wrightsville Unit of the Arkansas Department of

Correction (ADC).  Plaintiff's claim centers on his arrest in Boone County, Arkansas, on January

23, 2015, and his subsequent incarceration.  Plaintiff contends his constitutional rights were violated

when his bond was set high based on the criminal history of another man.  The sole Defendant is

Boone County Sheriff, Mike Moore.

Sheriff Moore filed a Summary Judgment Motion (Doc. 17) on February 1, 2016.  A hearing

was held on March 15, 2015, to allow Plaintiff to testify in response to the Motion.  The Motion is

ready for decision.

## I.  BACKGROUND

Plaintiff was arrested at his home on January 23, 2015,[1] for possession of a controlled

substance (marijuana), possession of drug paraphernalia, possession of a firearm by certain persons,

and possession of methamphetamine with intent to deliver.  *Defts' Ex.* 1.  He was booked into the

---

[1]Defendant states the arrest occurred on January 24, 2015.  Whether the arrest occurred on January 23rd or January 24th, does not change the Court's analysis.

Boone County Detention Center (BCDC) on January 24, 2015, and held on a $100,000 cash bond. *Id.* He remained incarcerated there until he was transferred to the ADC on February 2, 2016.

According to the Plaintiff, on January 23, 2015, deputies came to his house with an arrest warrant and a search warrant based on the fact that he was on probation. Plaintiff maintains the arrest warrant was obtained based on a false complaint against him. Within an hour of the complaint being made, Plaintiff asserts that the warrant was issued. Plaintiff maintains the search warrant was also obtained based on a false allegation. His probation officer was not present. Plaintiff states they did not have a warrant to search his truck but did so anyway. He also alleges that the officers attempted to get Plaintiff to agree to being an informant.

Plaintiff initially asserted a claim against the Sheriff based on the amount of his bond; however, he now understands that the Sheriff is not involved in setting bond. His bond was lowered to $25,000 after it was determined that the prosecuting attorney had relied on criminal history of Anthony Braggs, Jr., a citizen of Pennsylvania.

Plaintiff maintains the Sheriff was involved in obtaining the search warrant. Further, Plaintiff states the Sheriff failed to properly train his deputies. Plaintiff maintains if any investigation had been done, they would have discovered he was not the individual with a thirty-seven page criminal history from Pennsylvania.

Plaintiff testified that he was unaware of any policy or custom of Boone County that was a moving force behind the violation of his constitutional rights.

Plaintiff filed this case on April 15, 2015. (Doc. 1) On August 7, 2015, Plaintiff was convicted of the crimes he was arrested for and sentenced to forty-two months imprisonment in the ADC. *Deft's Ex.* 3.

## II.  APPLICABLE STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.  "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

## III.  DISCUSSION

Defendant has moved for summary judgment on the following grounds: (1) he was not personally involved in any of the alleged constitutional violations; (2) there is no basis on which he may held liable in his official capacity; (3) the complaint is barred by the Supreme Court ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994); and, (4) he is entitled to qualified immunity on the individual capacity claims.

**A.  Section 1983**

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States.  In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution.  *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).   The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

**B.  Individual Capacity Claim**

Plaintiff's claims against Sheriff Moore are totally conclusory.  Plaintiff has not asserted any factual basis for a claim against the Sheriff except for his compliance with arrest and search warrants issued in connection with the state court prosecution of the Plaintiff.  Nothing in the record before the Court suggests Sheriff Moore was involved in obtaining the arrest or search warrants for the Plaintiff and his property.

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability.  *See Monell v. Department of Social Services*, 436 U.S. 654, 694 (1978).  "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity."  *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Whitson v. Stone County Jail*, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat superior or supervisor liability") (internal quotations omitted); *Keeper v. King*, 130 F.3d 1309, 1314

-4-

(8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (*quoting Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (no evidence that the defendants were doctors or were personally involved in making medical decisions about treatment); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (section 1983 liability requires some personal involvement or responsibility). Here, Plaintiff has established no causal link or direct responsibility by Sheriff Moore for the alleged deprivation of rights.

Moreover, warrants are issued by the court and not the Sheriff. The Sheriff does not have the authority to quash a warrant. His authority, with respect to warrants, is to serve the warrants. The Sheriff is entitled to rely on a facially valid warrant. *See, e.g., In re Foust*, 310 F.3d 849, 855 (5th Cir. 2002) (an official charged with enforcing a facially valid court order or warrant has no choice).

To the extent Plaintiff is attempting to assert a false imprisonment claim against Sheriff Moore, that claim also fails. In *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever

cost, to eliminate the possibility of convicting an innocent person." *Ibid.*

The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action - is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Baker*, 443 U.S. at 145-46.

As discussed above, Sheriff Moore had the right to rely on a facially valid warrant. He had no obligation to independently conduct an investigation into the validity of the warrant. *See, e.g., Casanova v. City of Brookshire*, 119 F. Supp. 2d 639, 652 (S.D. Tex. 2000) (arrest pursuant to a facially valid warrant precludes a false arrest claim). Clearly, no claim is stated.

As Plaintiff admitted at the hearing, he now understands that the Sheriff has no involvement in setting bail. No individual capacity claim has been stated against Sheriff Moore. Defendant is entitled to summary judgment on the individual capacity claim.

### C. Official Capacity Claim

With respect to the official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, the official capacity claims are treated as claims against Boone County.

-6-

*See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

To establish Boone County's liability under § 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted). Plaintiff has not alleged the existence of any such custom, policy, or practice. In fact, he specifically stated at the hearing that he was not aware of any such policy, custom, or practice. Defendant is entitled to summary judgment on the official capacity claim.

### D.  Heck v. Humphrey

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. The Court noted that if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed.

Here, Plaintiff was convicted of the crimes he was arrested for. His conviction has not been set aside, reversed, or otherwise held to be invalid. Thus, his false arrest and false imprisonment claims are barred by *Heck*.

### E.  Qualified Immunity

Having found that the facts do not make out a constitutional violation, Defendant is entitled to qualified immunity in his individual capacity. *See, e.g., Krout v. Goemmer*, 583 F.3d 557, 564

(8th Cir. 2009) (unless the facts make out a violation of a constitutional right the Defendant is entitled to qualified immunity).

## IV.  CONCLUSION

For the reasons stated, I recommend that the Motion for Summary Judgment (Doc. 17) be **GRANTED and the case DISMISSED.**

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of July, 2016.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE